**AMERICAN TRAILER AND EQUIPMENT COMPANY, Appellant,**

v.

**Roberto MEDELLIN et al., Appellees.**

**No. 15306.**

Court of Civil Appeals of Texas,
San Antonio.

Nov. 27, 1974.

Adams, Graham, Lewis, Jenkins, Jones & Graham, McAllen, for appellant.

Garcia, Morales, Zardenetta, Sanchez & Sterle, Laredo, for appellees.

CADENA, Justice.

Appellant, American Trailer & Equipment Company, complains of the action of a district court of Webb County in overruling its plea of privilege. The parties agree that venue as to appellant, which will be identified in this opinion as "American," lies in Webb County only if subdivision 4 of our venue statute, Tex.Rev.Civ. Stat.Ann. Article 1995 (1964), is applicable to this case.

Plaintiff's petition contained three counts. The second count, which sought to impose liability on a third defendant, International Harvester Company, is irrelevant to the disposition of this appeal and will not be further noted.

The first count of the petition alleged the following:

1. On May 5, 1970, plaintiffs, Roberto Medellin and Ramona Garcia, who were then man and wife, purchased a truck from T. J. Yancey one of the defendants, a resident of Webb County. In making the purchase of the truck, plaintiffs relied on Yancey's express warranty to the effect

that the truck was free from defects in materials and workmanship "under normal use," and on an implied warranty that the truck was reasonably fit for the general purpose for which it was made and was of merchantable quality.

2. On August 30, 1970, while plaintiff, Roberto Medellin, was driving the truck up a slight incline on a public highway, he noted the emission of sparks from the "underside" of the truck. Immediately thereafter, the vehicle lost all power and began to roll backwards down the highway. After it had rolled backwards about 75 yards, the truck left the highway and overturned, resulting in personal injuries to plaintiff, Medellin, and damage to the truck.

3. It was later discovered that the truck's drive shaft had broken in two and that the lines providing air for the truck's braking system had been severed.

4. Yancey breached his warranties since the truck was unfit for use for the purpose for which it was sold and was not of merchantable quality. Medellin's personal injuries and the damage to the truck were the result of the breach of the warranties.

The first count of the petition does not mention American.

The third count of the petition, in addition to incorporating the allegations relating to the purchase of the truck by plaintiffs from Yancey, asserted:

1. After purchasing the truck, plaintiffs took it to American's place of business in Hidalgo County and "advised" American of certain problems they had encountered in the use of the truck. American kept the truck for several days for the purpose of repairing it, after which they delivered the truck to plaintiffs, impliedly warranting that it was safe to operate. Plaintiffs are ignorant of the nature of the repairs and work done on the truck by American, and they relied on American to properly inspect the truck and make the repairs required.

2. The second count then incorporated the allegations of the first count relating to the manner in which the accident occurred.

3. Plaintiff's injuries and the damage to the truck were the proximate result of American's failure to properly inspect and repair the vehicle.

Plaintiffs prayed for recovery from Yancey for breach of Yancey's warranties and, in the alternative, for recovery from American for its negligence and breach of warranty.

Under subdivision 4, "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." It is now well established that in order to maintain venue against a nonresident defendant under this exception it is necessary that (1) one of the defendants reside in the county where the suit is filed; (2) plaintiff allege and prove a bona fide cause of action against the resident defendant; and (3) the nonresident defendant is at least a "proper" party to the claim against the resident defendant. 1 McDonald, Texas Civil Practice § 4.10.2 (1965 rev.).

■ While the record establishes that Yancey is a resident of Webb County, the county of the forum, we conclude that plaintiffs failed to establish a cause of action against such resident defendant and that, therefore, the trial court erred in overruling the plea of privilege of American, the nonresident defendant.

Medellin testified that the first time he attempted to haul a load in the truck he heard "a noise in the rear." He took the truck to Yancey, but the noise persisted when the truck was loaded. After he had taken the truck to Yancey some three or four times without the cause of the noise being determined, he was told to take the vehicle to American in McAllen. He did so, and American kept the truck a full day. Medellin has no knowledge of the nature of the work performed by American, since

American submitted its bill for the work to Yancey, who, apparently, paid for such work.

After receiving the vehicle from American, Medellin drove it, unloaded, back to Laredo in Webb County. The next time he hauled a load in the truck he heard the same noise. He took the truck back to Yancey, but after it was returned to him and he attempted to haul a load the noise recurred. He then "took it to Yancey again and he took off the springs and the drive shaft, and he just about took everything off to find" the cause of the noise. On this occasion Yancey's mechanics worked on the truck for three or four days before returning it to Medellin. They did not succeed in eliminating the noise.

Medellin's testimony concerning the manner in which the accident occurred on August 30, 1970, supports the allegations in the petition. Immediately after the accident, he was taken to the hospital for emergency treatment. The next day, after he had been released from the hospital, he returned to the scene of the accident. The truck was still there, and his inspection disclosed the broken drive shaft and the severed air lines. He testified that at the time of the accident he was hauling a "full load," but that the truck was not overloaded.

The above is a summary of all of the testimony. There is no evidence indicating the nature of the noise which prompted Medellin to seek repairs, other than his statement to the effect that it was a "noise in the rear." There is no testimony, expert or otherwise, indicating that the noise was such as would suggest the presence of a defective drive shaft. None of the various persons who worked on the truck, either at Yancey's or at American's place of business testified.

Plaintiffs' cause of action against Yancey is based solely on breach of warranty. The petition contains no allegations charging Yancey with negligence. In any event, where a plaintiff seeks to hold a defendant liable on a theory of strict liability, negligence, or breach of warranty, he must prove the existence of a causal connection between the condition of the product when sold and the injury for which he seeks to recover. Hursch & Bailey, American Law of Products Liability Sections 1:28, 1:29, 3:1, 4:17 (2d ed. 1974).

Even if it be assumed that evidence of a "noise in the rear" is evidence of some defect, this is not sufficient to support a finding of a particular defect. As applied to the facts of this case, such evidence is not sufficient to justify a finding that the drive shaft was defective as to materials, design or workmanship. Under these circumstances, a finding that the unknown defect was a cause of the damages complained of can be reached only by indulging in sheer speculation.

Since there is no evidence that the unidentified defect existed at the time of the sale of the truck by Yancey, nor that, assuming the existence of a defect at the time of the sale, such defect was the result of plaintiffs' injuries, it must be held that plaintiffs failed to establish a cause of action against the resident defendant and, therefore, cannot maintain venue in Webb County as against a nonresident defendant under subdivision 4.

The judgment of the trial court is reversed and the cause is remanded with instructions that the suit, as against appellant, American Trailer & Equipment Company, be transferred to Hidalgo County. See Rule 261, Texas Rules of Civil Procedure (1967).